# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIN FU LIU, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-781-PRW |
| | ) | |
| SCARLET GRANT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Prevent Transfer (Dkt. 4), in which Petitioner seeks an order prohibiting Respondents from transferring Petitioner outside the Western District of Oklahoma. Petitioner asserts that a non-transfer order is necessary to preserve this Court's jurisdiction and Petitioner's right to counsel, thereby permitting expeditious resolution of his Petition for Writ of Habeas Corpus (Dkt. 1). Upon review, the Court **DENIES** the Motion (Dkt. 4).

### *Legal Standard*

"A temporary restraining order is an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored."[1] Under Rule 65(b), a court may only issue a temporary restraining order without written or oral notice

---

[1] *Honeycutt v. Mitchell*, No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (footnotes omitted).

1

to the adverse parties if the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required."

Further, the Court considers applications for temporary restraining orders under the same guidelines for preliminary injunctions.[2] "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course."[3] The Court may provide preliminary temporary relief if (1) Petitioner demonstrates a substantially likelihood of success on the merits; (2) Petitioner shows he will suffer irreparable injury if relief is denied; (3) Petitioner's purported injury outweighs the injury Respondents will suffer from the injunctive relief; and (4) the injunctive relief would not be adverse to the public interest.[4] "The third and fourth prongs 'merge when the Government is the opposing party.'"[5] The likelihood of success on the merits is the Court's "most important" consideration.[6] As the movant, it is Petitioner's burden to establish that each factor tips in his favor.[7]

### *Analysis*

Petitioner's counsel's apparent attempts to give Respondents notice of this Motion (Dkt. 4), include faxing the Motion (Dkt. 4) to the United States Attorney's Office and

---

[2] *Herrera v. Santa Fe Public Schools*, 792 F. Supp. 2d 1174, 1181 (D.N.M., May 20, 2011).

[3] *Mondanto Co v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).

[4] *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016).

[5] *Does 1-11 v. Board of Regents of University of Colorado*, 100 F.4th 1251, 1267 (10th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009).

[6] *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1229 (10th Cir. 2018).

[7] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

emailing it to what appears to be a general email inbox for ICE's Dallas field office. Petitioner has not confirmed that Respondents have received actual notice of the motion, nor does Petitioner give a reason why the notice requirement should be excused.

Additionally, Petitioner is incorrect that transfer would interfere with the Court's jurisdiction. Rather, "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[8] The transfer of Petitioner to another facility located within the United States would not affect this Court's jurisdiction. Thus, a non-transfer order is not needed to prevent any alleged harm to the Petitioner.

Nor has Petitioner explained how transfer would interfere with his right to counsel. Counsel for Petitioner appears to be located in Cleveland, Ohio, and Petitioner is currently detained in Oklahoma, so a change in Petitioner's location to another within the United States would seemingly have no effect on the representation, which is already long-distance.

Finally, Petitioner has also not demonstrated that he is likely to succeed on the merits of his Petition (Dkt. 1), as this Court has already found that illegal aliens, like Petitioner, who have entered the country without inspection are properly detained under 8 § 1225(b)(2)(A) and are thus not entitled to bond hearings.[9] Further, Petitioner is unlikely

---

[8] *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

[9] *See Sosa v. Holt*, Case No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026).

to prevail on his due process claim, as he has only been detained since March 26, 2026, and a six-month detention period before removal is presumptively constitutional.[10]

Having considered all the relevant factors, the Court concludes that Petitioner has failed to comply with Rule 65(b)'s notice requirement, has not demonstrated that he will be injured at all (much less irreparably) if the requested relief is denied, and has not demonstrated a substantial likelihood of success on the merits. The Court thus **DENIES** the Motion (Dkt. 4).

**IT IS SO ORDERED** this 28th day of April 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[10] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).